**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| VAN LYNN OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-157-AGF |
| | ) | |
| STODDARD COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon review of an amended complaint filed by plaintiff Van Lynn Owens, a prisoner who is proceeding *pro se* and *in forma pauperis*. For the reasons discussed below, the Court will dismiss this action at this time, without prejudice.

**Background**

Plaintiff initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 against the Stoddard County Jail, Sheriff Carl Hefner, County Commissioner Danny Talkington, Chief Deputy Andy Holden, and Acting Administrator Christina Craft. Plaintiff named Talkington in his official capacity, but did not specify the capacity in which he sued the remaining defendants.

Plaintiff averred his claims arose on July 14, 2021 at the Stoddard County Jail. He identified his claims as "Denied Medical Attention Deliberate Indifference of medical needs." (ECF No. 2 at 3). He alleged he had a "previously messed up left shoulder," and "Sheriff Carl Hefner, Andy Holden, Christina Craft, failed to take me to a doctor to see if I was injured. They went on the word of Sheriff Britton Ferrell & Joe Ross from Mississippi County Detention Center." *Id.* He provided a copy of an August 19, 2021 Diagnostic Imaging Report that was performed due to his complaints of left shoulder pain, documenting the impression as moderate to severe

degenerative changes in the left acromioclavicular and glenohumeral joints.  Plaintiff alleged he was refused medical attention for that.  He provided a list of various medical requests he began making in July of 2021, and the responses he received. The list did not detail any requests made to any of the named defendants. There were several requests to be seen for shoulder complaints that plaintiff described as broken shoulder, but it was apparent that plaintiff did in fact receive medical evaluation for his shoulder complaints and no fracture was found.

As fully explained in the Court's February 2, 2022 Memorandum and Order, the Court determined that this action was subject to dismissal.  As fully explained in that order, the Court determined that the Stoddard County Jail was not an entity subject to suit under 42 U.S.C. § 1983; that plaintiff's official capacity claims failed either because the defendant's employer was not a suable entity or because the complaint failed to state a plausible municipal liability claim; and because plaintiff alleged no facts permitting the inference that any defendant actually knew of, and deliberately disregarded, a serious medical need.  The Court also noted that the complaint contained no facts establishing the personal responsibility of any of the named defendants.

The Court gave plaintiff the opportunity to file an amended complaint to clearly set forth his claims.  In so doing, the Court clearly explained why the complaint was subject to dismissal, and gave plaintiff clear instructions about how to prepare the amended complaint.  Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Amended Complaint**

3

Plaintiff filed the amended complaint against the Stoddard County Jail, Sheriff Carl Hefner, and Commissioner Danny Talkington.  Plaintiff specifies that he sues Hefner and Talkington in their official capacities only.  He identifies his claims as a July 14, 2021 denial of medical attention at the Stoddard County Jail.  He states he had a "messed up left shoulder," and "Carl Hefner denied me medical attention stating Miss Co Sheriff's Department stated there[']s nothing wrong with me."  (ECF No. 13 at 4).  Plaintiff alleges he received "no medical attention after 8/19/21."  *Id.* at 5.

Plaintiff alleges he asked Hefner for medical attention for his shoulder on July 20, 2021, but Hefner told him that Mississippi County told him nothing was wrong with his shoulder. Plaintiff repeatedly requested medical attention for his shoulder, and Hefner replied that the information he had showed there was no problem with plaintiff's shoulder, and no grounds to make a doctor's appointment.  On August 15, 2021, plaintiff again told Hefner his shoulder was hurting. Plaintiff provides a copy of the August 19, 2021 Diagnostic Imaging Report described above, making it apparent that he did ultimately receive medical evaluation for his shoulder complaints. In late August and early September of 2021, plaintiff told Hefner that he needed to see a surgeon "for repairs," but received no reply.  *Id.* at 11.

Plaintiff was subsequently involved in a fight, and hurt his shoulder.  Plaintiff does not describe what he said to Hefner, but he alleges Hefner said there was nothing he could do.  On October 8, 2021, plaintiff declared a medical emergency.  Plaintiff does not specify that he declared the emergency to Hefner or Talkington, or that they were aware.  At some point, Hefner said, "welcome Stoddard County."  *Id.* at 12.

On December 11, 2021, plaintiff was assaulted by other inmates, and "received no medical attention" until he was taken to the hospital for x-rays on December 13, 2021, and then taken to a

different medical facility for treatment.  *Id.* at 12.  He does not allege he sought treatment from Hefner or Talkington, or anyone else, between December 11 and December 13.  He provides copies of radiological reports from CT scans of his cervical, thoracic and lumbar spine, and his chest, abdomen, pelvis, and head, along with x-rays of his chest and left lower extremity.  There are no reports documenting evaluation of plaintiff's shoulder, or any complaints related thereto.  The CT scans indicate spinal deformities, spinous process fractures, broken ribs, nasal bone fracture, and bruising.  Plaintiff included handwritten notations on the report indicating his belief that the reports documented more serious findings, but he does not explain the basis for that belief.  He alleges no additional facts.  He seeks monetary relief.

## Discussion

Plaintiff has again named the Stoddard County Jail as a defendant.  However, as previously explained, that entity is not one that can be sued under 42 U.S.C. § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are not a "juridical," or suable, entities under 42 U.S.C. § 1983).  Plaintiff has identified Hefner as the Sheriff of Stoddard County, and has named him in his official capacity only.  As previously explained, plaintiff's official capacity claims against Hefner are the equivalent of claims against his employer, *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and the Stoddard County Sheriff's Department is not an entity that can be sued under § 1983.  *See Ketchum,* 974 F.2d at 82.  Plaintiff's claims against Hefner therefore fail.

The amended complaint fails to state a claim against Talkington because plaintiff has merely listed Talkington's name as a defendant without alleging he was personally involved in any alleged misconduct.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent

as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints").  Additionally, the amended complaint contains no facts that would  demonstrate the existence of a municipal policy or custom that caused any deprivation of plaintiff's rights, as necessary to bring official capacity claims against Talkington.  *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013).

For the foregoing reasons, the Court concludes that the amended complaint is frivolous and/or fails to state a claim upon which relief may be granted.  It would be futile to permit plaintiff the opportunity to file a second amended complaint because there is no indication that his claims arise from conduct that invades a federally-protected right.  While plaintiff's allegations establish his disappointment with the medical attention he was receiving, and his belief that he needed surgery that was not being provided, they do not establish that Hefner, Talkington, or anyone else actually knew of, and deliberately disregarded, a serious medical need.  In fact, while not dispositive, the materials plaintiff provided with the complaint document his receipt of medical attention for shoulder complaints and later medical attention after a fight, and there are no allegations of an intentional delay of treatment that would rise to the level of a constitutional violation.  A "mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Popoalii v. Corr. Med. Servs*., 512 F.3d 488, 499 (8th Cir. 2008).  The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

6

Dated this 22nd day of August, 2022.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE